## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

Civil Action No. _____3:22-cv-00793_____

RUHI REIMER, individually, and on
behalf of all others similarly situated,
     Plaintiff,

v.

TAX DEFENSE NETWORK, LLC d/b/a
MONEYSOLVER,
     Defendant.
_____/

## CLASS ACTION COMPLAINT

**NOW COMES** RUHI REIMER, individually, and on behalf of all others similarly situated, through his undersigned counsel, complaining of TAX DEFENSE NETWORK, LLC d/b/a MONEYSOLVER ("Defendant"), as follows:

## NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Virginia Telephone Privacy Protection Act ("VTPPA"), Va. Code §59.1-510 *et seq.*

1

2.      "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3.      As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for [unwanted automated calls]." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4.      The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5.      The Court has supplemental jurisdiction over the VTPPA claim pursuant to §28 U.S.C. §1367(a).

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides in this judicial district.

## PARTIES

7.      Plaintiff is a natural person, over 18-years-of-age, who at all times relevant had a Virginia phone number and was physically present in Virginia at the time he received the solicitation calls at issue in this case.

2

8.     Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

9.     Defendant is a financial services company organized under the laws of the State of Florida.

10.     Defendant "help[s] people overcome the intimidation of student loan debt, tax issues, and small business finances."[1]

11.     Defendants maintains its corporate headquarters in Jacksonville, Florida.

12.     Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13.     At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 3122.

14.     At all times relevant, Plaintiff's number ending in 3122 was assigned to a cellular telephone service.

15.     At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

16.     At no point in time did Plaintiff contract with Defendant or otherwise utilize Defendant's financial services.

---

[1] https://www.moneysolver.org/ (last accessed July 21, 2022)

17.     At no point in time did Plaintiff provide Defendant with his cellular telephone number ending in 3122.

18.     At no point in time did Plaintiff provide Defendant with consent to place calls to his cellular telephone number ending in 3122.

19.     At all times relevant, Plaintiff's cellular telephone number ending in 3122 was registered on the National Do-Not-Call Registry.

20.     At no point in time did Plaintiff solicit Defendant's services.

21.     On February 8, 2022, Defendant placed four (4) calls to Plaintiff's cellular phone between 2:17 p.m. EST and 2:34 p.m. EST.

22.      Plaintiff did not answer any of Defendant's February 8, 2022 phone calls.

23.     On February 9, 2022 at approximately 10:11 a.m. EST, Defendant placed another call to Plaintiff's cellular phone from the phone number (888) 626-3909.

24.     Plaintiff answered Defendant's call and was greeted with a representative by the name of "Mark" who asked speak to an unknown third party by the name of "Rob."

25.     Plaintiff terminated the call after discovering that Defendant's call was a solicitation call.

26.     On February 9, 2022, at approximately 10:46 a.m. EST (less than one hour after the previous call), Defendant placed another call to Plaintiff's cellular phone from the phone number (888) 626-3909.

27.     Plaintiff answered Defendant's call and was greeted by a representative by the name of "Kathy" who asked speak to "Rob."

28.      Frustrated with another misguided solicitation call, Plaintiff quickly terminated the call by hanging up.

29.     On February 9, 2022, at approximately 02:43 p.m. EST, Defendant placed another call to Plaintiff's cellular phone from the phone number (888) 626-3909.

30.     Plaintiff answered Defendant's call and was greeted by a representative by the name of "Oatif" who asked speak to "Rob."

31.     During this call, Oatif advised Plaintiff that she was calling regarding Defendant's tax relief services.

32.     Frustrated with yet another solicitation call from Defendant, Plaintiff terminated the call by hanging up.

33.     On February 9, 2022, at approximately 03:21 p.m. EST (less than one hour after the call with "Oatif"), Defendant placed another call to Plaintiff's cellular phone number.

34.     Plaintiff answered the call, greeted the caller, and was met with approximately ten (10) seconds of dead air. Plaintiff terminated the call by hanging up after it became clear that there was no live representative on the other end of the call.

35.     On February 9, 2022, at approximately 03:23 p.m. EST (approximately two minutes after the dead air call) Defendant placed another call to Plaintiff's cellular phone number.

36.     Plaintiff answered the call, greeted the caller, and was met with at least ten (10) seconds of dead air. Plaintiff terminated the call by hanging up after it became clear that there was no live representative on the other end of the call.

37.     On May 24, 2022, Plaintiff placed a phone call to Defendant in an effort to determine the reason Defendant was repeatedly calling Plaintiff.

38.     In response to Plaintiff's inquiry as to the purpose of Defendant's calls, Defendant's agent advised Plaintiff that Defendant was calling Plaintiff because Defendant had Plaintiff's phone number in its system.

39.     Plaintiff advised Defendant's agent that he does not have any tax debt. In response, Defendant's agent advised Plaintiff that it would remove Plaintiff's number from Defendant's "dialer."

40.     After being advised that Defendant would remove his number from the "dialer," Plaintiff demanded a copy of Defendant's Do-Not-Call policy.

41.     In response, Defendant's agent advised Plaintiff that he was unsure how to provide Plaintiff with the policy and transferred the call to another agent.

42.     Upon transfer, Plaintiff was greeted with a voicemail message stating that nobody was available to take Plaintiff's call.

43.     Frustrated with Defendant wasting his time, Plaintiff terminated the call by hanging up.

44.     On May 24, 2022, Plaintiff placed another call to Defendant. Upon speaking to a representative, Plaintiff again demanded Defendant's Do-Not-Call policy and requested that Defendant place Plaintiff's phone number on Defendant's Do-Not-Call list.

45.     In response, Defendant's agent advised Plaintiff that he would forward Plaintiff's request to his supervisor as only a supervisor could remove numbers on Defendant's call list.

46.     Despite Plaintiff's demand, Defendant did not provide Plaintiff with Defendant's Do-Not-Call policy.

47.     On the same day, Plaintiff placed another call to Defendant in an effort to obtain Defendant's Do-Not-Call policy. Upon requesting the Do-Not-

Call policy from a representative, Plaintiff was placed on a four-minute hold before being routed to a voicemail greeting.

48.    To date, Defendant has not provided Plaintiff with its Do-Not-Call policy.

49.    In all the calls placed by Defendant to Plaintiff's cellular phone number, Defendant's name did not display on Plaintiff's Caller ID.

## DAMAGES

50.    Defendant's unlawful telemarketing practices have caused Plaintiff concrete harm, including: invading Plaintiff's privacy, nuisance, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the solicitation calls, decreased productivity, aggravation that accompanies unwanted solicitation calls, frustration, loss of concentration, and the loss of battery charge.

51.    Moreover, each time Defendant placed a solicitation call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

52.    Frustrated and concerned with the escalation of Defendant's invasive telemarketing practices, Plaintiff retained counsel to file this action to compel Defendant to cease its unlawful practices.

8

## CLASS ALLEGATIONS

53.    Paragraphs 13 through 52 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

54.    Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### Do-Not-Call Registry Class

All individuals in the United States (1) to whom Defendant, or a third party acting on Defendant's behalf, placed, or caused to be placed, a phone call; (2) directed to a residential or cellular telephone number; (3) that is registered on the National Do-Not-Call Registry; (4) in which the purpose of the call was to market and/or offer Defendant's services; (5) within the four years preceding the date of the original complaint through the date of class certification.

55.    The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers, and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors, or assigns of any such excluded individuals; and (6) individuals

9

whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.    Numerosity

56.    Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

57.    The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

58.    The members of the Putative Class are ascertainable because the Class are defined by reference to objective criteria.

59.    The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant or its third-party vendors.

### B.    Commonality and Predominance

60.    There are many questions of law and fact common to the claims of Plaintiff and the claims of the members of the Putative Class.

61.    Those questions predominate over any questions that may affect individual members of the Putative Class.

### C.    Typicality

62.     Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's unlawful marketing practices.

**D.     Superiority and Manageability**

63.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

64.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

65.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

66.     Economies of effort, expense, and time will be fostered, and uniformity of decisions ensured.

**E.     Adequate Representation**

67.     Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

68.     Plaintiff has no interests antagonistic to those of the members of the Putative Class and Defendant has no defenses unique to Plaintiff.

69.     Plaintiff has retained competent and experienced counsel in consumer class

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act**
**(On behalf of Plaintiff and the Members of Do-Not-Call Registry Class)**

70.     Paragraphs 13 through 69 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

71.     Pursuant to 47 C.F.R. §64.1200(c)(2) (a regulation based on 47 U.S.C. §227(c)), it is a violation of the TCPA to call "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained  by the Federal Government. This regulation also applies to wireless telephone subscribers who have registered their numbers on the national do-no-call registry." *Heidorn v. BDD Mktg. & Mgmt. Co., LLC*, 2013 U.S. Dist. LEXIS 177166, at *30-31 (N.D. Cal. 2013).

72.     Defendant violated 47 C.F.R. §64.1200(c)(2) by placing or causing to be placed no less than nine (9) solicitation calls to Plaintiff's cellular telephone number while it was registered on the National Do Not Call Registry.

73.     As pled above, Plaintiff never consented to receiving solicitation calls from Defendant.

74.     Defendant knew or should have known that Plaintiff's phone number was on the Do-Not-Call Registry as the Registry is publicly available and easily accessible.

75.     Instead of scrubbing Plaintiff's phone number through the Do-Not-Call Registry prior to making its solicitation calls, Defendant recklessly placed calls to Plaintiff's cellular phone number without first scrubbing Plaintiff's phone number through the Do-Not-Call Registry.

76.     Upon information and belief, Defendant does not maintain adequate procedures or protocols to ensure that it does not place solicitation calls to phone numbers that are registered on the National Do-Not-Call Registry.

**WHEREFORE**, Plaintiff, on behalf of himself and the members of the Do-Not-Call Registry Class, requests the following relief:

A.     an order granting certification of the Do-Not-Call Registry Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

13

B.  an order enjoining Defendant from placing or causing to place further violating calls to consumers;

C.  judgment in Plaintiff's favor for Defendant's violations of the TCPA;

D.  judgment in favor of the Do-Not-Call Registry Class for Defendant's violations of the TCPA;

E.  an award of $500.00 in damages to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call;

F.  an award of treble damages up to $1,500.00 to Plaintiff and the members of the Do-Not-Call Registry Class for each violating call; and

G.  any further relief this Court deems just and proper.

## COUNT II:
### Violations of the Telephone Consumer Protection Act
### (Plaintiff Individually)

77.  Paragraphs 13 through 52 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

78.  The Federal Communications Commission promulgated regulations restricting telephone solicitation through 47 C.F.R 64.1200 *et seq*. (a regulation based on 47 U.S.C. §227(c)).

14

79.     Pursuant to 47 CFR 64.1200(e)(2)(i), Defendant is required to have a written policy, available upon demand, for maintaining a do-not-call policy. 47 C.F.R. 64.1200(e)(2)(i).

80.     Defendant violated 47 CFR 64.1200(e)(2)(i) by failing to deliver its written Do-Not-Call policy to Plaintiff despite Plaintiff's multiple demands.

81.     As set forth above, Plaintiff demanded Defendant's Do-Not-Call policy on multiple occasions.

82.     In response, Defendant routed Plaintiff to an unattended number on multiple occasions.

83.     Despite Plaintiff providing Defendant with multiple opportunities to provide its Do-Not-Call policy, Defendant failed to provide Plaintiff with the same.

84.     Accordingly, Defendant's violations 47 CFR 64.1200(e)(2)(i) were willful.

**WHEREORE**, Plaintiff requests the following relief:

A.     A judgment in Plaintiff's favor for Defendant's violations of the TCPA;

B.     An award of $1,500.00 for each willful violation of the TCPA; and

C.     Any further relief this Court deems just and proper.

## COUNT III:
### Violations of the Virginia Telephone Privacy Protection Act
### (Plaintiff Individually)

85.     Paragraphs 13 through 52 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**a.     Violations of §59.1-512 of the VTPPA**

86.     Pursuant to §59.1-512 of the VTPPA, "a telephone solicitor who makes a telephone solicitation shall identify himself by his first and last names and the name of the person on whose behalf the telephone solicitation call is being made promptly upon making contact with the called person." Va. Code §59.1-512.

87.     Defendant violated §59.1-512 of the VTPPA by failing to provide its representatives' first *and* last names during phone calls with Plaintiff.

88.     As set forth above, Defendant's representatives only disclosed their first names to Plaintiff during phone calls that Plaintiff answered.

**b.     Violations of §59.1-514 (B) of the VTPPA**

89.     Pursuant to §59.1-514(B) of the VTPPA, "no telephone solicitor shall initiate, or cause to be initiated, a telephone solicitation call to a telephone number on the National Do Not Call Registry…" Va. Code §59.1-514(B).

90.     Defendant violated §59.1-514(B) of the VTPPA by placing no less than nine (9) calls to Plaintiff's cellular phone number while Plaintiff's cellular phone number was registered on the National Do-Not-Call Registry.

**c.     Violations of  §59.1-513.1 of the VTPPA**

91.     §59.1-513.1 of the VTPPA provides that "whenever a live sales representative is not available to speak with the person answering a telephone solicitation call within two seconds of the person's completed greeting, the telephone solicitor shall play a prerecorded identification message that states the name and telephone number of the person on whose behalf the telephone solicitation call was being made." Va. Code §59.1-513.1.

92.     Defendant violated §59.1-513.1 of the VTPPA by failing to play a prerecorded identification message that stated Defendant's name and telephone number during the calls that Plaintiff answered and was met with approximately ten (10) seconds of dead air.

**d.     Violations of  §59.1-513 of the VTPPA**

93.     §59.1-513 of the VTPPA provides that "[a] telephone solicitor who makes a telephone solicitation call shall transmit the telephone number, and, when available by the telephone solicitor's carrier, the name of the telephone solicitor." Va. Code  §59.1-513.

17

94.     Upon information and belief, Defendant's telephone carrier enables Defendant to elect whether to display Defendant's name on the called party's Caller ID in the solicitation calls that Defendant places.

95.     Defendant violated  §59.1-513 of the VTPPA by failing to display its name on Plaintiff's Caller ID in the calls it placed to Plaintiff's cellular phone number.

96.     As set forth above, in all the calls placed by Defendant to Plaintiff's cellular phone number, Defendant's name did not display on Plaintiff's Caller ID.

**WHEREORE,** Plaintiff requests the following relief:

A.     A judgment in favor of Plaintiff for Defendant's violations of the VTPPA;

B.     An award of statutory damages in the amount of $500.00 for Defendant's first violation of the VTPPA;

C.     An award of statutory damages in the amount of $1,000.00 for Defendant's second violation of the VTPPA;

D.     An award of statutory damages in the amount of $5,000.00 for each violation subsequent to Defendant's second violation of the VTPPA;

E.     An order enjoining Defendant from placing further calls to Plaintiff;

F.      An award of Plaintiff's attorney's fees and costs; and

G.      Any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated:  July 21, 2022                        Respectfully submitted,

                                             **RUHI REIMER**

                                             By: _Alexander J. Taylor_

                                             Alexander J. Taylor (Fla. Bar. 1013947)
                                             Mohammed O. Badwan (PHV Forthcoming)
                                             Sulaiman Law Group, Ltd.
                                             2500 South Highland Avenue
                                             Suite 200
                                             Lombard, Illinois 60148
                                             (630) 575-8180
                                             ataylor@sulaimanlaw.com
                                             mbadwan@sulaimanlaw.com
                                             _Counsel for Plaintiff_

19