UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RUHI REIMER, individually and
on behalf of all others similarly
situated,

      Plaintiff,

v.                              Case No.   3:22-cv-793-MMH-JBT

TAX DEFENSE NETWORK, LLC,
d/b/a Moneysolver,

      Defendant.

## TCPA SCHEDULING ORDER

Because this case is brought under the Telephone Consumer Protection Act and/or Junk Fax Prevention Act, 47 U.S.C. § 227 (TCPA), the Court has designated it for special handling. Therefore, consistent with the "just, speedy, and inexpensive administration of justice" pursuant to Rule 1, Federal Rules of Civil Procedure (Rule(s)), and the Court's pretrial management authority under Rule 16, it is hereby:

**ORDERED** that the provisions of Rule 26(a)(1) and Local Rule 3.02, United States District Court, Middle District of Florida (Local Rule(s))

1

concerning the initial disclosures and filing of a case management report are hereby waived.[1] Instead, the parties shall comply with the following schedule:

1.  With the first appearance, each party must file a disclosure statement in accordance with Local Rule 3.03.

2.  No later than **60 days** after service or appearance of any Defendant, the parties shall serve upon each other but not file with the Court copies of the following:

   **A. Plaintiff**

All documents in Plaintiff's possession, custody, or control that relate to the telephone calls or communications in question. This includes, but is not limited to:

> (i) Telephone records, call logs, voice recordings, and account notations pertaining to any telephone calls Plaintiff contends were made by Defendant;
>
> (ii) Documents and/or other relevant evidence demonstrating that Plaintiff was in possession of the operative telephone at the time of the telephone calls in question;
>
> (iii) Documents and/or other relevant evidence showing that (a) Plaintiff did not provide Defendant with consent to make the telephone calls in question and/or (b) documentation that Plaintiff revoked consent prior to Defendant making the telephone calls;

---

[1] While the Court is waiving specific provisions of the Rules and Local Rules at this time, all parties shall read and otherwise comply with the Local Rules of this Court.

> (iv) Any and all documents and/or other relevant evidence pertaining to Plaintiff's prior complaints to Defendant regarding Defendant making the unwanted telephone calls in question; and
>
> (v) If the communications at issue pertain to a debt, all written correspondence, including court documents, pertaining to Defendant's alleged debt collection efforts.

Upon furnishing the information to Defendant, Plaintiff shall file a Certificate of Compliance with the Court.

### B. Defendant

All documents in Defendant's possession, custody, or control that relate to the telephone calls or communications in question. This includes, but is not limited to:

> (i) Telephone records, call logs, and voice recordings pertaining to the telephone calls Plaintiff contends were made by Defendant, which includes any and all notations made by Defendant's representative or employee during the telephone call;
>
> (ii) Documentation that Plaintiff consented to Defendant making the telephone calls in question;
>
> (iii) Any and all documents and/or other relevant evidence pertaining to Plaintiff's prior complaints to Defendant regarding Defendant making the unwanted telephone calls in question; and
>
> (iv) If the communications at issue pertain to a debt, all written correspondence, including court documents, pertaining to Defendant's alleged debt collection efforts.

Upon furnishing the information to Plaintiff, Defendant shall file a Certificate of Compliance with the Court.

3. Until further order of this Court, all discovery is **STAYED**, except as necessary to obtain and provide the information set forth in paragraph 2. The Court permits counsel to serve subpoenas on telecommunications entities so that accurate information may be gathered in this case. If the parties elect to serve subpoenas for telephone records in this case, they should do so as early as practicable and should work together to facilitate the process.

4. No later than **75 days** after service or appearance of any Defendant, Plaintiff shall answer the Court's Interrogatories to Plaintiff (attached to this Order) under oath or penalty of perjury, serve a copy on Defendant, and file the answers with the Court entitled "Plaintiff's Notice of Filing Answers to Court's Interrogatories."

5. No later than **35 days** after the filing of Plaintiff's Notice of Filing Answers to Court's Interrogatories, Defendant shall answer the Court's Interrogatories to Defendant (attached to this Order) under oath or penalty of perjury, serve a copy on Plaintiff, and file the answers with the Court entitled "Defendant's Notice of Filing Answers to Court's Interrogatories."

6. No later than **30 days** after Defendant files its Answers to Court's Interrogatories with the Court, counsel for Plaintiff and Defendant shall meet and confer **in person** in a good faith effort to settle all pending issues,

including, if at issue in the case, attorney's fees and costs.[2] Counsel shall have full authority to settle, and shall set aside sufficient time for a thorough, detailed, and meaningful conference that is calculated to fully resolve the case by agreement.

7. No later than **10 days** after the settlement conference, counsel shall jointly file a Report Regarding Settlement that notifies the Court whether: 1.) the parties have settled the case; 2.) the parties have not settled but wish to continue settlement discussions for a specific period of time; 3.) the parties wish to engage in a formal mediation conference before a specific mediator on or before a specific date; 4.) either party requests a settlement conference before the United States Magistrate Judge; or 5.) the parties have exhausted all settlement efforts and will file immediately a Case Management Report[3] signed by counsel for all parties.

8. All parties must send courtesy copies to chambers of all filings that exceed 25 pages, inclusive of exhibits, regardless of whether the filing is done electronically or in paper.

---

[2] In the case of an individual party who is not represented by counsel, the individual shall comply with the provisions of this Order.

[3] The uniform Case Management Report form is available on this Court's website at www.flmd.uscourts.gov.

9. The parties are advised that they have a continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

10. The parties may consent to conduct all further proceedings in this case before the United States Magistrate Judge.[4]

11. **The party filing this lawsuit is responsible for serving a copy of this Order and its attachments on all other parties.**

12. Due to the volume of cases based on the TCPA, the Court expects strict adherence to these deadlines. Exceptions will be granted only for compelling reasons. Failure to comply may result in the imposition of sanctions, including but not limited to the dismissal of the case and the striking of pleadings.

**DONE** and **ORDERED** in Jacksonville, Florida this 26th day of July, 2022.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

---

[4] Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge" is also available on this Court's website.

Copies furnished to:
    Counsel of Record
    Unrepresented Parties
attachments:
    Court interrogatories

## COURT'S INTERROGATORIES TO PLAINTIFF

1. Describe the communications at issue in this case. Please be as specific as possible. For example, does this case concern telephone calls, text messages, and/or facsimiles? Were the telephone calls placed to a land line, or to a cellular phone?

2. How many calls or other communications are at issue? For instance, if you allege telephone calls were placed in violation of the TCPA, how many calls were placed?

3. When did the communications at issue take place?

4. Do you allege that Defendant used an automatic dialer?

5. If telephone calls are at issue, do you allege that Defendant utilized a live person or a recorded voice to transmit the relevant information?

6. Do you allege that the calls were placed to a telephone that is registered in your name? If not, to whom is the account registered?

7. Do you have a prior business relationship with Defendant?

8. Did you sign any document in which you consented to be contacted by Defendant?

9. Do you contend that you revoked your consent to be contacted by Defendant? If so, when did you revoke your consent and how did you do so?

10. Do you contend that you complained to Defendant about the telephone calls or communications? If so, when did you complain and how did you do so?

11. Do you intend to pursue a class action?

_____

STATE OF FLORIDA
COUNTY OF _____

The foregoing instrument was acknowledged before me by means of \_\_\_ physical presence or \_\_\_ online notarization, by _____, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me by means of \_\_\_ physical presence or \_\_\_ online notarization, on this _____ day of _____, 2022.

NOTARY PUBLIC

Notary Stamp

_____
Signature of Person Taking Acknowledgment
Print Name:
Title:   Notary Public
Serial No. (if any):
Commission Expires:

## COURT'S INTERROGATORIES TO DEFENDANT

1. How many telephone calls or other communications do your records show as being made or sent during the time period alleged by Plaintiff?

2. Were the calls made by an automatic dialer?

3. If telephone calls were at issue, was a prerecorded voice used?

4. Did you ever receive documented prior consent to contact Plaintiff?

5. Did you ever receive documented revocation of a consent to contact Plaintiff?

6. If the communications at issue pertained to a debt, were you ever placed on notice, before the Complaint was filed, that Plaintiff had retained counsel with respect to the debt alleged to be at issue in the Complaint?

7. If the communications at issue pertained to a debt, what is your capacity with respect to the debt alleged to be at issue in the complaint? For example, are you the owner of a note, a servicer, or both?

8. Do you contend that Plaintiff's claims are subject to a mandatory arbitration agreement?

_____

STATE OF FLORIDA

COUNTY OF _____

    The foregoing instrument was acknowledged before me by means of ___ physical presence or ___ online notarization, by _____, who being first duly sworn, deposes and says that he/she has read the

foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me by means of ___ physical presence or ___ online notarization, on this _____ day of _____, 2022.

NOTARY PUBLIC

Notary Stamp

_____
Signature of Person Taking Acknowledgment
Print Name:
Title:   Notary Public
Serial No. (if any):
Commission Expires: